(98 South. 552)

No. 24238.

### ALBERT HANSON LUMBER CO. v. BOARD OF STATE AFFAIRS et al.

(Dec. 17, 1923.)

*(Syllabus by Editorial Staff.)*

Taxation ⚖==338—Canal constituting "improvement" on land not separately taxable.

In view of Rev. Civ. Code, art. 468, and Act No. 170 of 1898, §§ 1, 29, a canal dug by a landowner on his land to float logs from his forest to his sawmill, and used for no other purpose and not open to the public, is not taxable separately from the land; it being merely an improvement for the use of the owner's land only.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Improvement (Of Land).]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Robert E. Brumby, Judge ad hoc.

Action by the Albert Hanson Lumber Company against the Board of State Affairs and others. Judgment for plaintiff, and defendants appeal. Affirmed.

A. V. Coco, Atty. Gen., R. H. Himel, Dist. Atty., of New Orleans (Harry P. Sneed, of New Orleans, of counsel), for appellants.

Emmet Alpha, of Franklin, Weeks & Weeks, of New Iberia, and Paul Kramer, of Franklin, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. This is an action to cancel a certain assessment. Plaintiff complains that defendants have assessed to it a certain "canal" separate and apart from the lands through which it runs (already assessed to plaintiff).

The facts are undisputed. The canal was dug by plaintiff at large expense for the purpose of floating and towing logs from its forests to its sawmill. It is used for no other purpose, and is not open to the public. In other words, it was put upon the land by the owner solely for the "service and improvement" thereof; and is as much a part thereof as drainage ditches, irrigation trenches, tramways, field roads and bridges, put there for a similar purpose. R. C. C. 468.

### I.

Section 1 of Act 170 of 1898 levies annual taxes on all property within the state, except such as is expressly exempted, and provides that—

"The term property, as herein used means and includes all real estate, with the buildings and all other improvements thereon or thereto attached, * * * all railroads and other roads, all canals and other ways of communication, travel, or transportation. * * *" (Italics ours.)

And section 29 of the same act provides that—

"The real estate, roadbeds, roads, iron track, superstructures, excavations and channels, of railroads, canals, and other transportation or telegraph companies, shall be assessed and taxed in the parish, or assessment district where located; and all other property * * *

belonging to said railroad, canals, etc., shall be assessed and taxed at the domicile or principal office of said railroads, canals," etc.

### II.

Even if section 1 aforesaid stood alone, we would have no difficulty in concluding that the canals mentioned in said section as distinct subjects of taxation mean only navigation and irrigation canals; that is to say, canals intended for commerce and profit and not such as serve only for drainage and watering purposes or as substitutes for tramways. The interpretation need not be strived after, it simply jumps to the eye; just as we see at once that the "railroads and other roads" mentioned in said sections mean carrier railroads and toll roads, and not the tramways and field roads upon a plantation.

Field roads, tramways, canals intended to serve only as substitutes for tramways, drainage canals, and irrigation canals intended for the use of the owner's land only, are clearly only, "improvements," and form part of the land which they serve. As to these, the land itself is the principal thing, and these only the accessories; which may or may not add to the value thereof.

But carrier railroads, toll roads, navigation canals, and irrigation canals from which water is sold, are not mere improvements on land. They constitute (in a sense) something distinct from the land on which they are constructed; for obviously such roads and canals are the principal thing, to which the land itself is (in a sense) only accessory.

### III.

Thus, under R. C. C. 468, the improvements on land form part thereof, and under section 1 of Act 170 of 1898 such improvements must be assessed with the land. For section 29 of the same act makes it clear (if it could be doubtful) that the canals, railroads and other roads, which may be distinct

subjects of taxations, do not mean the improvements put upon lands for the service thereof, but only carrier railroads and toll roads, navigation canals, and irrigation canals from which water is sold.

The trial judge committed no error in annulling the assessment.

#### Decree.

The judgment appealed from is therefore affirmed.